UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WILLIAM CASSADAY,

    Plaintiff,

v.                                          Case No. 1:17-cv-630

                                              Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB).

**I.    Discussion**

Plaintiff alleged a disability onset date of September 3, 2012, which he later amended to July 8, 2014, the day after Administrative Law Judge (ALJ) Holmes entered a decision finding that plaintiff was not disabled. PageID.50, 242-259, 383. In that decision, ALJ Holmes found that plaintiff had severe impairments of degenerative disc disease, depression, and anxiety. PageID.244. ALJ Holmes also found that plaintiff had the residual functional capacity (RFC) to perform a range of light work. PageID.247. ALJ Holmes further found that plaintiff could not perform his past relevant work, but was able to perform a number of light, unskilled jobs in the Lower Peninsula of Michigan, including packager (2,500 jobs), assembler (1,500 jobs), and office helper (4,500 jobs). PageID.259.

1

In the present case, plaintiff identified his disabling conditions as: chronic disorder of the coccyx; chronic degeneration of intervertebral [sic] disc; chronic low back pain; anxiety; depression; and esophageal reflux. PageID.387. The record reflects that plaintiff completed the 12th grade and had past employment as a construction worker, hand packager, and industrial truck operator. PageID.200, 388. ALJ Zimmerman reviewed plaintiff's claim and entered a written decision denying benefits on September 28, 2016. PageID.47-64. For the reasons discussed below, ALJ Zimmerman's decision will be reversed and remanded in light of the Sixth Circuit's decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

In her decision, ALJ Zimmerman noted that she was bound by certain findings made by ALJ Holmes unless she found a subsequent improvement or change in condition:

> The prior findings concerning the claimant's residual functional capacity and past relevant work are binding absent evidence of an improvement or change in condition since the prior hearing. *See, Drummond v Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), Acquiescence Ruling 98-4(6) (SSA must adopt a finding of a claimant's residual functional capacity or other finding required under the applicable sequential evaluation process for determining disability, made in the final decision by an ALJ or Appeals Council on a prior disability claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity); *Dennard v Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990); Acquiescence Rulings 98-3(6)(SSA must adopt a finding of the demands of a claimant's past relevant work made in the final decision by the ALJ or Appeals Council on the prior disability claim). The undersigned finds no new and material evidence concerning the claimant's residual functional capacity and past relevant work and therefore, is bound by the prior decision dated July 7, 2014 (BlA). The record contains some suggestion that the claimant's change from opiates to medical marijuana had resulted in some small improvement in 2016, specifically from the claimant's testimony and records from his treating provider, John Szajenko, M.D., but I find this to be nonmaterial improvement. Furthermore, the residual functional capacity language has been slightly adjusted from the prior decision, but not materially changed, to comply with current agency policy.

PageID.47.

Since plaintiff filed this action, the Sixth Circuit issued its opinion in *Earley*, which examined the principles of *res judicata* as it pertains to a claimant's subsequent application for benefits for a different time period. In addressing the issue, that court asked:

> What are those principles? Finality, efficiency, and the consistent treatment of like cases. An administrative law judge honors those principles by considering what an earlier judge found with respect to a later application and by considering that earlier record. That is why it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application.

*Earley*, 893 F.3d at 933 (internal citations omitted). The court noted that the doctrine of res judicata bars relitigation of the same claim but not litigation of a new claim, pointing out that "Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Earley*, 893 F.3d at 933, quoting *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998)). Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Earley*, 893 F.3d at 933.

Here, contrary to the principles expressed in *Earley*, ALJ Zimmerman did not simply consider the first ALJ's findings as a legitimate consideration in reviewing plaintiff's subsequent application. Rather, ALJ Zimmerman found that the previous findings were binding, i.e, "[t]he prior findings concerning the claimant's residual functional capacity and past relevant work <u>are binding</u> absent evidence of an improvement or change in condition since the prior hearing" and that "[t]he undersigned finds no new and material evidence concerning the claimant's residual functional capacity and past relevant work and therefore, <u>is bound by the prior decision dated July 7, 2014</u>." PageID.47 (emphasis added). ALJ Zimmerman's evaluation of plaintiff's claim was not consistent with the principles of "res judicata" expressed in *Earley* and was limited because she had to begin her evaluation by adopting ALJ Holmes' residual functional capacity (RFC) determination.

In a supplemental filing, defendant contends that the *Earley* decision should have no impact on ALJ Zimmerman's decision because:

> Plaintiff has not challenged the ALJ's application of *Drummond* or AR-98-4(6), and the Commissioner notes that the ALJ's analysis remains valid under the *Earley* standard. While ALJ Zimmerman tweaked the prior RFC only slightly (PageID.47, 53-54), she satisfied the principles set forth in *Earley* by (1) considering ALJ Holmes' prior findings as a reference point (PageID.47), (2) providing an extremely through discussion of recent medical evidence and testimony showing marginal improvement and no worsening (PageID.52-62), and (3) adjusting the RFC as necessary to clarify the scope of Plaintiff's limitation (PageID.47, 53-54). ALJ Zimmerman's comprehensive analysis is entirely consistent with *Earley*'s pronouncement that "[f]resh review is not blind review," and that ALJs "may consider what an earlier judge did if for no other reason than to strive for consistent decision making." 893 F.3d at 934.

Defendant's Letter (ECF No. 15).

The Court agrees that ALJ Zimmerman provided a comprehensive analysis of plaintiff's RFC and that she applied *Drummond* and AR 98-4(6). However, the Court disagrees with defendant's contention that her decision satisfied the principles set forth in *Earley*. Contrary to defendant's argument, ALJ Zimmerman did not "consider" ALJ Holmes' prior findings as a reference point. She commenced her RFC evaluation bound by ALJ Holmes' findings ("[t]he prior findings concerning the claimant's residual functional capacity . . . are binding absent evidence of an improvement or change in condition since the prior hearing," PageID.47), and then had to explain why she did not continue to be bound by them. In this case, ALJ Zimmerman ultimately concluded that she was bound by those findings:

> In sum, the above residual functional capacity assessment by Administrative Law Judge Holmes is supported by the medical evidence of record. The current record does not indicate that the claimant's condition has deteriorated. Although the evidence establishes underlying medical conditions capable of producing some pain or other limitations, the substantial evidence of record does not confirm disabling pain or other limitations arising from those impairments, nor does it support a conclusion that the objectively determined medical conditions were of such severity that they could reasonably be expected to give rise to disabling pain or other limitations. The undersigned finds that the preponderance

4

of the evidence establishes that the claimant experienced no greater than, at most, mild to moderate functional limitations upon his ability to perform basic work activities as described in 20 CFR 404.152l(b). <u>Consequently, the undersigned remains bound by Administrative Law Judge Holmes's prior findings</u> (BlA/9).

PageID.62 (emphasis added).

In the Court's opinion, if ALJ Zimmerman was bound to adopt ALJ Holmes' findings made on July 7, 2014, and give deference to the findings in that opinion, then she did not have the ability to perform a *de novo* review of the medical record to determine whether plaintiff was disabled after that date. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) (as part of the "four step process to facilitate the orderly and sympathetic administration of disputed claims . . . the claimant is entitled to an evidentiary hearing and a *de novo* review before an ALJ"). In short, "[a] second application starts the process anew." *Earley*, 893 F.3d at 932.

Given this result, the Court is guided by the remedy set forth in *Earley*:

All roads in the end lead to this destination: The ALJ should have another opportunity to review the application under the correct standard.

*Earley*, 893 F.3d at 934. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate plaintiff's claim consistent with the Sixth Circuit's decision in *Early*.

## II. CONCLUSION

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's claim under the standard expressed in *Earley v. Commissioner*

*of Social Security*, 893 F.3d 929 (6th Cir. 2018).  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 21, 2018					/s/ Ray Kent
								United States Magistrate Judge